```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NOS. 2:12-00079
                                                       2:20-00131

**DOUGLAS JONATHAN WESLEY, JR.**
**also known as DOUGLAS WESLEY**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On June 1, 2022, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Douglas Jonathan Wesley, Jr., appeared in person and by his counsel, John C. Anderson, II, for a hearing on the petition filed October 5, 2021, seeking revocation of supervised release, submitted by Senior United States Probation Officer Justin L. Gibson.  The defendant commenced a three (3) year term of supervised release in criminal actions 2:12-00079 and 2:20-00131 on April 12, 2021, as more fully set forth in the Judgment in a Criminal Case Orders entered by the court on July 8, 2013, and January 27, 2021, respectively.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on May 13, 2021, the defendant was instructed to provide one random urine screen per month, and the defendant failed to report for random urine screens on June 15, 2021, July 8, 2021, August 19, 2021, and September 16, 2021; (2) on May 13, 2021, the defendant was instructed to attend two individual counseling/integrated treatment for dual disorder sessions per month and the defendant failed to participate in the sessions during the months of June 2021 and July 2021; (3) on July 22, 2021 the defendant was instructed to increase his participation in individual counseling/integrated treatment for dual disorders to one session per week and the defendant has failed to participate or attend any sessions through September 2021; (4) on or about July 4, 2021, the defendant committed a federal and state crime, that being a felon in possession of a firearm, when he was knowingly in possession of a Sig Sauer, Model SP2022, .40 caliber pistol in and affecting interstate commerce at a time when he knew he had been convicted of a similar felony for which he was on supervised release, and which offense is contrary to

the terms of his supervised release that he not own, possess, or have access to a firearm; (5) on July 22, 2021, the defendant admitted to the probation officer his use of marijuana on or about July 15, 2021; (6) since on or about July 19, 2021, to October 2021 the defendant has failed to remain gainfully employed; all in violation of the terms of supervised release, and as to numbers (1), (2), (3), (5) and (6) above, admitted to by the defendant, and all as found by a preponderance of the evidence, and as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in criminal actions 2:12-00079 and 2:20-00131 be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth

in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TWELVE MONTHS** in criminal action 2:12-00079, and **TWELVE MONTHS** in criminal action 2:20-00131, to run concurrently with each other and consecutive to any term of imprisonment to be imposed for this defendant in criminal action no. 2:21-00172, and with no further term of supervised release imposed in criminal actions 2:12-00079 and 2:20-00131.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:   June 3, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge